# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DAVID R. HARTMAN,

      Plaintiff,

v.                                                  No. 2:17-cv-1105-KRS-SMV

CITY OF ROSWELL,
and MIGUEL ANGEL LOPEZ,

      Defendants.

## ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

**THIS MATTER** comes before the Court on Defendants City of Roswell and Officer Miguel Angel Lopez's motion to dismiss Plaintiff David Hartman's complaint. (Doc. 5); *see* Fed. R. Civ. P. 12(b)(6). The City and Officer Lopez assert that Hartman's pleading fails to plausibly establish that their actions deprived Hartman of his First Amendment rights under the United States Constitution. Hartman filed a response in opposition to the motion (Doc. 13), and the City and Officer Lopez submitted a reply. (Doc.14). With the consent of the parties to conduct dispositive proceedings, *see* 28 U.S.C. § 636(c), the Court has considered the parties' submissions and concludes that, as written, Hartman's complaint does not state a plausible claim for relief under 42 U.S.C. § 1983. Nonetheless, at this early stage of the litigation, the Court is not convinced amendment would be futile and will not dismiss the case with prejudice.

## BACKGROUND

Hartman is a resident of Roswell, New Mexico. (Doc. 1-1, Compl. ¶ 1).[1] In July of 2016, Hartman "became very concerned with certain issues regarding operations in the City of Roswell." (*Id.*, ¶ 6). Hartman's concerns prompted a call to then City manager, Johnathan

---

[1] The Court takes the facts from Hartman's complaint and treats them as true at this stage of the litigation.

Phillips. (*Id.*, ¶7). When Hartman saw no improvement, he made multiple other calls to the manager. (*Id* . ¶ 8). According to Hartman, the calls were not "threatening, harassing, or violent toward Mr. Phillips." (*Id.*, ¶ 9).

In July of 2016, "certain issues regarding the operations of the City" were not Hartman's only concern. To Hartman's view, there were City code violations not being enforced. (*Id.*, ¶ 10). As above, Hartman vocalized his concerns to the "City of Roswell Code[s] Enforcement," but at some point was told by Officer Lopez "not to contact Code[s] Enforcement if he [Hartman] is just going to complain." (*Id.*, ¶ 11).

Ultimately, on July 20, 2016, the City manager reported Hartman to the Roswell Police Department. (*Id.*, ¶¶ 13). Officer Lopez responded, spoke to the City manager and someone named "Mr. Butts," listened to Hartman's "recorded phone," and charged Hartman with the misdemeanor offense of "use of telephone to terrify, intimidate, threaten, harass, annoy or offend in violation of NMSA 30-20-12. (*Id.*, ¶¶ 14-16). At all times, Hartman alleges, he was engaged in constitutional speech protected by the First Amendment. (*Id.*, ¶ ¶ 17-18). Nonetheless, Hartman was arrested by Officer Lopez, booked into jail, and forced to hire an attorney to defend him. (*Id.*, ¶ ¶ 19-22) On December 14, 2016, the charges were dismissed. (*Id.*, ¶ 24).

Hartman commenced this action on June 13, 2017, in the Fifth Judicial District Court for Chaves County, New Mexico. (Doc. 1-1) In his single-count complaint, Hartman alleges that the City and Officer Lopez deprived him of First Amendment rights. (*Id.*, ¶¶ 28-24). The City and Officer Lopez removed the case to this Court on November 7, 2017 invoking the Court's federal-question jurisdiction. (Doc.1). The instant motion to dismiss followed.

**STANDARD OF REVIEW**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency a pleading within its four corners. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) "A complaint must allege facts that, if true, state a claim to relief that is plausible on its face." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2014) (internal quotation marks and citation omitted). Plausibility does not concern itself with the likelihood or probability of success on the merits; instead, the question is whether factual allegations "raise a right to relief above the speculative level." *Id.* The Court assesses plausibility by looking to the substantive law that governs the claims alleged. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012); *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). In determining whether the complaint survives a motion to dismiss, the Court must assume the truth of the facts in the pleading, take those facts in the light most favorable to the plaintiff, and assess whether they give rise to a reasonable inference that the defendant is liable in light of the applicable law. *See Mayfield* 826 F.3d at 1255.

In the context of 42 U.S.C. § 1983, which provides the exclusive mechanism by which a plaintiff may obtain money damages for constitutional deprivations caused by local law enforcement, the plaintiff must allege facts sufficient to demonstrate the officer violated a constitutional right that was clearly established at the time in question. *See Robbins*, 519 F.3d 1242, 1249 (10th Cir. 2008). A plausible complaint under Section 1983 "requires enough [factual] allegations to give the defendants notice of the theory under which [the plaintiff's] claim is made." *Id.* Where more than one defendant is involved, the notice requirement means the plaintiff must plead "exactly who is alleged to have done what to whom[.]" *Id.*

## DISCUSSION

Hartman pleads a single count of retaliation under the First Amendment against "Defendants" collectively. Hartman's claim has four essential elements: (1) the plaintiff engaged in a constitutionally protected activity; (2) a defendant's action caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; (3) a defendant's action was substantially motivated as a response to his exercise of his First Amendment speech rights; and (4) there was a lack of probable cause for the arrest. *See Becker v. Kroll*, 494 F.3d 904, 925 (10th Cir. 2007). The compliant, however, offers only the following facts against Officer Lopez and the City: (1) Officer Lopez told Hartman not to call Codes just to complain ; (2) on July 20, 2016, Officer Lopez spoke with the City manager and a "Mr. Butts"; (3) Officer Lopez listened to "Plaintiff's recorded phone"; (4) after doing so and speaking with the manager and Butts, Officer Lopez arrested and charged Hartman with the misdemeanor offense of using the "telephone to terrify, intimidate, threaten, harass, annoy or offend[.]"; and (5) the City employed Officer Lopez. (Doc. 1-1, ¶¶ 11-22). These facts do not state a plausible claim for retaliation.

As to Officer Lopez, even if the Court takes as true Hartman's allegation that his complaints to City manager and Codes as activity protected by the First Amendment, the Court can only guess as to the substance of Officer Lopez's conversation with the manager and Mr. Butts on July 20, 2016 and the contents of the "recorded phone [call]" that preceded Hartman's arrest. Without details on these two things, Hartman has not pleaded facts demonstrating that Officer Lopez lacked probable cause to charge and arrest Hartman for violating N.M. Stat. Ann. § 30-2-12. *See Baptiste v. J.C. Penney Co.*, 147 F.3d 1252, 1258 (10th Cir. 1998) (officer may rely upon reasonably trustworthy statement of witnesses and victims, as well recordings, in

determining whether a prudent person would believe the accused committed the offense); *Hartman v. Moore*, 547 U.S. 250, 265-266 (2016) (holding that the absence of probable cause must be pleaded and proven). This deficiency is more pronounced because, as alleged, Hartman did not voice concerns to Officer Lopez directly, but instead to other public employees who are not named defendants. Thus, the Court cannot discern form the four corners of the complaint what supported and motivated the arrest and criminal charge.

In terms of the City, it is unclear how a municipal corporation *itself* may charge anyone with a criminal offense. Certainly, its duly commissioned police officer may effect arrests and initiate the filing of a criminal complaint, but a municipality's employment of a constitutional tortfeasor—the only fact alleged against the City in the complaint—does not plausibly give rise to the City's liability under Section 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that "a municipality cannot be held liable *solely* because it employs a tortfeasor"). While there may be other theories—and Hartman's response to the motion to dismiss attempts to argue some—that would implicate the City, there are no factual averments in the actual complaint that would plausibly support a cause of action for municipal liability.

In short, the Court concludes that Hartman's complaint does not state a claim upon which relief may be granted and is therefore subject to dismissal. However, while Hartman's pleading is technically deficient, the Court is not convinced that that his case is fatally flawed such that Hartman should not be afforded the opportunity to amend the complaint to state a plausible cause of action against one or both of the defendants. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (explaining that "[a] dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile"). Thus, the Court will deny the City and Officer Lopez's motion to dismiss without

prejudice, but order Hartman to file an amended pleading that complies with the Federal Rules. If Hartman's new complaint remains deficient, the City and Officer Lopez may renew their motion to dismiss.

## CONCLUSION

For the reasons stated above, Hartman's complaint does not satisfy his burden to plead a plausible claim for relief against Officer Lopez and the City. The Court, however, is not convinced the deficiencies merit dismissal with prejudice, and will afford Hartman and opportunity to amend his complaint.

**IT IS, THEREFORE, ORDERED** that Defendants' motion to dismiss (Doc. 5) is **DENIED WITHOUT PREJUDICE**. Defendants may renew their motion in the event Plaintiff's amended complaint remains deficient.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to amend his complaint. Plaintiff shall file an amended pleading that conforms to the Federal Rules of Civil Procedure **on or before February 9, 2018.** In the event Plaintiff does not timely file an amended complaint, the case will be dismissed as requested by Defendants.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent