# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DAVID R. HARTMAN,

        Plaintiff,

v.                                               No. 2:17-cv-1105-KRS-SMV

CITY OF ROSWELL,
and MIGUEL ANGEL LOPEZ,

        Defendants.

## ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

**THIS MATTER** comes before the Court on Defendants City of Roswell and Officer Miguel Angel Lopez's motion to dismiss Plaintiff David Hartman's amended complaint. (Doc. 18); *see* Fed. R. Civ. P. 12(b)(6). The City and Officer Lopez identify problems similar to those they had with Hartman's original complaint—his second pleading fails to plausibly establish that their actions deprived Hartman any constitutional right. Hartman filed a response in opposition to the motion (Doc. 20), and the City and Officer Lopez submitted a reply. (Doc. 22). With the consent of the parties to conduct dispositive proceedings, *see* 28 U.S.C. § 636(c), the Court has considered the parties' submissions and concludes that Hartman's amended complaint does not state a plausible claim for relief under 42 U.S.C. § 1983 against the City, but does state a plausible claim for relief under 42 U.S.C. § 1983 against Officer Lopez.

### BACKGROUND

Hartman is a resident of Roswell, New Mexico. (Doc. 17, Am. Compl. ¶ 1).[1] In July of 2016, Hartman "became very concerned with certain issues regarding operations in the City of Roswell" and more particularly "work being performed at various locations around the City

---

[1] The Court takes the facts from Hartman's amended complaint and treats them as true at this stage of the litigation.

without proper licensing." (*Id.*, ¶ 6). Hartman called interim City manager Jonathan Phillips "[t]o voice his concerns." (*Id.*, ¶ 7). When Hartman saw no improvement, he "was forced to make numerous phone calls to Mr. Phillips." (*Id* . ¶ 8). According to Hartman, the calls were not "threatening, harassing, or violent toward Mr. Phillips." (*Id.*, ¶ 9).

Hartman's grievance was "the lack of enforcement of various provision[s] of the city code" as it concerned unlicensed contracting. (*Id.*, ¶ 10). Hartman's "only recourse [to protect the integrity of his industry as licensed contractor] was to report known violations to the City and to question the City's unwillingness to address these violations." (*Id.*¶ 11). Hartman vocalized the complaints not only to Mr. Phillips, but also to the "City of Roswell Code[s] Enforcement." (*Id.*, ¶11. At some point, Officer Lopez contacted Hartman and told Hartman "not to contact Code[s] Enforcement if he [Hartman] is just going to complain." (*Id.*, ¶ 12).

Ultimately, on July 20, 2016, the City manager reported Hartman's calls to the Roswell Police Department. (*Id.*, ¶14). Officer Lopez responded, spoke to the City manager and City inspector Miller Butts, listened to Hartman's "recorded phone call," and charged Hartman with the misdemeanor offense of "use of telephone to terrify, intimidate, threaten, harass, annoy or offend in violation of NMSA 30-20-12. (*Id.*, ¶15). The recording consisted of Hartman expressing "his frustration that the City had refused to take action regarding repeated violations of the City code." (*Id.*, ¶16). At all times, Hartman alleges, he was engaged in constitutional speech protected by the First Amendment—the numerous calls were not threatening or harassing, reported known violations of city ordinances, and served to express Hartman's frustration with his local government. (*Id.* ¶¶ 17-19). Nonetheless, Hartman was arrested and charged by Officer Lopez, booked into jail, and forced to hire an attorney to defend him. (*Id.*, ¶¶ 22-27). On December 14, 2016, the charges were dismissed. (*Id.*, ¶ 29).

Hartman commenced this action on June 13, 2017, in the Fifth Judicial District Court for Chaves County, New Mexico, alleging a single count for unlawful retaliation under the First Amendment. (Doc. 1-1). The City and Officer Lopez removed the case to this Court on November 7, 2017 invoking the Court's federal-question jurisdiction. (Doc.1). Following motion practice, this Court concluded that Hartman's original complaint did not allege a plausible cause of action against the City, but permitted Hartman to amend his pleading. (*See* Doc. 16). Hartman filed an amended complaint on February 9, 2018. (Doc. 17). The City and Officer Lopez's second motion to dismiss followed. (Doc. 18).

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency a pleading within its four corners. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) "A complaint must allege facts that, if true, state a claim to relief that is plausible on its face." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2014) (internal quotation marks and citation omitted). Plausibility does not concern itself with the likelihood or probability of success on the merits; instead, the question is whether factual allegations "raise a right to relief above the speculative level." *Id.* The Court assesses plausibility by looking to the substantive law that governs the claims alleged. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012); *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). In determining whether the complaint survives a motion to dismiss, the Court must assume the truth of the facts in the pleading, take those facts in the light most favorable to the plaintiff, and assess whether they give rise to a reasonable inference that the defendant is liable in light of the applicable law. *See Mayfield*, 826 F.3d at 1255.

In the context of 42 U.S.C. § 1983, which provides the exclusive mechanism by which a plaintiff may obtain money damages for constitutional deprivations caused by local law enforcement, the plaintiff must allege facts sufficient to demonstrate the officer violated a constitutional right that was clearly established at the time in question. *See Robbins*, 519 F.3d 1242, 1249 (10th Cir. 2008). A plausible complaint under Section 1983 "requires enough [factual] allegations to give the defendants notice of the theory under which [the plaintiff's] claim is made." *Id.* Where more than one defendant is involved, the notice requirement means the plaintiff must plead "exactly who is alleged to have done what to whom[.]" *Id.*

## DISCUSSION

### Claims Against Officer Lopez

Hartman states a plausible cause of action against Officer Lopez for retaliation under the First Amendment. *See Becker v. Kroll*, 494 F.3d 904, 925 (10th Cir. 2007) (listing four essential elements for the cause of action: (1) the plaintiff engaged in a constitutionally protected activity; (2) a defendant's action caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; (3) a defendant's action was substantially motivated as a response to his exercise of his First Amendment speech rights; and (4) there was a lack of probable cause for the arrest). Taking all reasonable inferences in his favor, Hartman repeatedly complained to the City about his perception of rampant codes' violations and the City's failure to enforce its own law. When the City manager reported one such call, which was recorded and consisted of the same complaint and frustration, and Officer Lopez listened to it, Hartman was arrested for a speech-based offense. *See* N.M. Stat. Ann. § 30-20-18 (punishing use of telephone to intimidate, threaten, harass, annoy or offend).

Nonetheless, the City and Officer Lopez insist that Hartman's amended complaint falls short of stating a claim for relief because it does not "allege any facts showing that the decision to charge him was motivated by a desire to retaliate against Plaintiff for exercising his First Amendment rights." (Doc. 18, Def.s' Mot. Dismiss, at 6). In reply, the City and Officer Lopez also claim Hartman "has yet to set forth a single fact that would suggest Officer Lopez's decision to charge and arrest Plaintiff for violating NMSA §30-2-12 was motivated by anything other than an honest belief that Plaintiff's conduct violated [the statute]." (Doc. 22, Def.s' Reply, at 4 (emphasis in original)).

The Court disagrees with the City and Officer Lopez's characterization of the amended complaint. The pleaded facts are: (1) Officer Lopez arrested Hartman for and charged him with a speech-based offense; (2) the arrest occurred after Officer Lopez listened to a recording of Hartman expressing his frustration with his government to enforce the law and to report violations of the law; (3) before arresting Hartman, Officer Lopez spoke to the City manager and City inspector to whom Hartman had made the same complaints; and (4) nothing Hartman told the City was threatening or harassing. In other words, some form of expression motivated Hartman's arrest, the only question is whether the Court believes Hartman that his complaints amounted to the time-honored American tradition of trying to hold one's government accountable or, alternatively, credits the City and Officer Lopez's account of harassment and threats. At this stage in the litigation, the Court must take Hartman's allegation as true. Doing so, the Court concludes Hartman's cause of action against Officer Lopez as pleaded in the amended complaint survives a motion to dismiss.

## Claims Against the City

Section 1983 authorizes damages only against "persons" who, under the color of law, violate constitutional rights. 42 U.S.C. § 1983. Because a municipality acts through its employees, it is not a "person" under the statute unless the plaintiff shows a city official committed a constitutional violation and a custom or policy of the city "was the moving force behind the constitutional deprivation." *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citation omitted). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Since Hartman has stated a constitutional violation against Officer Lopez, his amended complaint must contain facts that plausibly support the three elements of municipal liability to survive dismissal: an (1) official policy or custom, (2) causation, and (3) state of mind. *See Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004). Because Hartman does not plead a policy or custom, the Court does not reach the other elements of municipal liability.

### *Policy or custom*

Five types of policies or customs are actionable under Section 1983: (1) an officially promulgated policy such as a city ordinance; (2) an informal custom amounting to a widespread practice; (3) the decisions of employees with final policymaking authority; (4) the ratification by final policymakers of the decisions of their subordinates; (5) the failure to adequately train or supervise employees. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013). In this case, Hartman does not allege any facts to support a cognizable policy or custom.

Although Hartman makes the *legal* conclusion that Officer Lopez is a final decision maker, the case law does not support such a theory here—where an officer simply exercises his

discretion and authority to arrest and charge an individual. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). By contrast, a final decision maker "possesses final authority to establish municipal policy," which often derives from "legislative enactment or may be delegated by an official who possesses such authority" *Id*. The amended complaint does not contain facts or reasonable inferences that Officer Lopez is a high ranking official or enjoys a delegation of ultimate power to establish *formal* police department policy. The Court therefore concludes that Hartman does not state a plausible cause of action for municipal liability. Having been placed on notice of the deficiency with his cause of action against the City and having not remedied it, the Court determines that the appropriate course of action is dismissal of this claim.

## CONCLUSION

For the reasons stated above, Hartman pleads a plausible claim against Officer Lopez, but not against the City.

**IT IS, THEREFORE, ORDERED** that Defendants' motion to dismiss (Doc. 18) is **GRANTED IN PART** and **DENIED IN PART.** Plaintiff's claims against the City are **DISMISSED WITH PREJUDICE** but the cause of action against Officer Lopez may proceed.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent